UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
  :
UNITED STATES OF AMERICA　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　CONSENT PRELIMINARY ORDER
　　　　　- v. -　　　　　　　　　　　　　　　　　:　OF FORFEITURE/
　　　　　　　　　　　　　　　　　　　　　　　　　　　MONEY JUDGMENT
　　　　　　　　　　　　　　　　　　　　　　　　　:
NIKOLAY TUPIKIN,
　　　　　　　　　　　　　　　　　　　　　　　　　:　18 Cr. 509 (GBD)
　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

　　　　　WHEREAS, on or about July 19, 2018, NIKOLAY TUPIKIN (the "Defendant"), was charged, among others, in a two-count Indictment, 18 Cr. 509 (GBD) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit money laundering, in violation of Title 18, United States Code, in violation of Title 18, United States Code, Section 1956 (Count Two);

　　　　　WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981 (a)(1)(C) and 982(a)(2) of any and all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

　　　　　WHEREAS, the Indictment included a second forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in the offense charged in Count Two of the Indictment, and any property traceable to such property, including but not

limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Two of the Indictment;

WHEREAS, on or about October 8, 2020, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(l): a sum of money equal to $240,170.00 in United States currency, representing property involved in the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $240,170 in United States currency representing the amount of property involved in the offense charged in Count Two of the Indictment; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count Two of the Indictment cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorneys, Matthew J.C. Hellman, Daniel G. Nessim, and Emily A. Johnson of counsel, and the Defendant, and his counsel, Kelley J. Sharkey, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $240,170 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count Two of the Indictment, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, NIKOLAY TUPIKIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8.  The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____     10/8/2020
    MATTHEW J.C. HELLMAN/                 DATE
    DANIEL G. NESSIM/EMILY A. JOHNSON
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2278/2486/2409

NIKOLAY TUPIKIN

By: _____     _____
    NIKOLAY TUPIKIN                       DATE

By: _____     _____
    KELLEY J. SHARKEY, ESQ.               DATE
    Attorney for Defendant
    26 Court Street, Suite 2805
    Brooklyn, NY 11242
    (718) 858-8843

SO ORDERED:

_____           OCT 0 8 2020
HONORABLE GEORGE B. DANIELS               DATE
UNITED STATES DISTRICT JUDGE

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 17, 2020

**BY EMAIL**

Kelley J. Sharkey, Esq.
26 Court Street, Suite 2805
Brooklyn, NY 11242
(718) 858-8843
kelleysharkeyesq@verizon.net

    Re:    *United States* v. *Nikolay Tupikin*, 18 Cr. 509 (GBD)

Dear Ms. Sharkey:

    On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Nikolay Tupikin ("the defendant") to Count Two of the above-referenced Indictment.

    Count Two charges the defendant in one count of conspiracy to commit money laundering from in or about November 2016 up to and including in or about July 2018, in violation of Title 18, United States Code, Section 1956(h). Count Two carries a maximum term of imprisonment of 20 years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Sections 1956 and 3571, of the greatest of $500,000, or twice the value of the property involved in the offense, and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

    In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for conspiring to commit money laundering from in or about November 2016 up to and including in or about July 2018, as charged in Count Two of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

    The defendant hereby admits the forfeiture allegation with respect to Count Two of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1): a sum of money equal to $240,170.00 in United States currency, representing

property involved in said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution of $253,802.00 in accordance with Title 18, United States Code, Sections 3663, 3663A, and 3664.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1. The November 2018 Guidelines Manual applies to this case.

2. The guideline applicable to the offense charged in Count One is U.S.S.G. § 2X1.1. Pursuant to U.S.S.G. § 2X1.1, the base offense level for conspiracy is the base offense level for the substantive offense.

3. The Guidelines provision applicable to Count One is U.S.S.G. § 2S1.1.

4. Pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level is offense level for the underlying offense from which the laundered funds were derived, namely, conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349, as charged in Count One of the Indictment, because (A) the defendant committed the underlying offense (and is accountable for the underlying offense under subsection (a)(1)(A) of §1B1.3 (Relevant Conduct)); and (B) the offense level for that offense can be determined. The offense level for that offense can be determined as follows:

   i. The guideline applicable to the offense charged in Count One is U.S.S.G. § 2X1.1. Pursuant to U.S.S.G. § 2X1.1, the base offense level for conspiracy is the base offense level for the substantive offense.

   ii. The guideline applicable to the offense charged in Count One is U.S.S.G. § 2B1.1, which applies to the substantive offense of wire fraud.

   iii. Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level for Count One is seven because the statutory maximum term of imprisonment for the offense of conviction is 20 years or more.

   iv. Pursuant to U.S.S.G. § 2B1.1(b)(1)(G), a twelve-level enhancement applies because the offense involved more than $250,000, and less than $550,000.

v. Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), a two-level enhancement applies because the offense involved ten or more victims.

vi. Pursuant to U.S.S.G. § 2B1.1(b)(10)(B), a two-level enhancement applies because a substantial part of the fraudulent scheme was committed from outside the United States.

Based on the foregoing, the offense level for the underlying offense from which the laundered funds were derived is 23.

5. Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), the offense level is increased by two levels because the defendant's conviction is one under Title 18, United States Code, Section 1956.

6. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 22.

### B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has zero criminal history points. In accordance with the foregoing, the defendant's Criminal History Category is I.

### C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 41 to 51 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 22, the applicable fine range is $15,000 to $150,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

2020.07.10

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 41 to 51 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the

above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any forfeiture amount that is less than or equal to $240,170.00, and the Government agrees not to appeal any forfeiture amount that is greater than $240,170.00. The defendant also agrees not to appeal any restitution amount that is less than or equal to $253,802.00, and the Government agrees not to appeal any restitution amount that is greater than $253,802.00. The defendant also agrees not to appeal any fine that is less than or equal to $150,000, and the Government agrees not to appeal any fine that is greater than or equal to $15,000. The defendant also agrees not to appeal any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section

2020.07.10

2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his/her guilty plea and conviction.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

**[Intentionally Left Blank]**

2020.07.10

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

AUDREY STRAUSS
Acting United States Attorney

By: *[signature]*
Matthew J.C. Hellman / Daniel G. Nessim /
Emily A. Johnson
Assistant United States Attorneys
(212) 637-2278 / -2486 / - 2409

APPROVED:

*[signature]*
Brian R. Blais
Co-Chief, General Crimes

AGREED AND CONSENTED TO:

_____        _____
Nikolay Tupikin                     DATE

APPROVED:

_____        _____
Kelley J. Sharkey, Esq.             DATE
Attorney for Nikolay Tupikin

2020.07.10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

                -v-

                    ,
                  Defendant.
------------------------------------------------------------X

**WAIVER OF RIGHT TO BE PRESENT AT CRIMINAL PROCEEDING**

-CR-   ( )( )

**Check Proceeding that Applies**

_____ Entry of Plea of Guilty

I am aware that I have been charged with violations of federal law. I have consulted with my attorney about those charges. I have decided that I wish to enter a plea of guilty to certain charges. I understand I have a right to appear before a judge in a courtroom in the Southern District of New York to enter my plea of guilty and to have my attorney beside me as I do. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I have discussed these issues with my attorney. By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge to enter a plea of guilty. By signing this document, I also wish to advise the court that I willingly give up any right I might have to have my attorney next to me as I enter my plea so long as the following conditions are met. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf during the proceeding. I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date: _____       _____
            Print Name                                               Signature of Defendant

_____ Sentence

I understand that I have a right to appear before a judge in a courtroom in the Southern District of New York at the time of my sentence and to speak directly in that courtroom to the judge who will sentence me. I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse. I do not wish to wait until the end of this emergency to be sentenced.

4

I have discussed these issues with my attorney and willingly give up my right to be present, at the time my sentence is imposed, in the courtroom with my attorney and the judge who will impose that sentence. By signing this document, I wish to advise the court that I willingly give up my right to appear in a courtroom in the Southern District of New York for my sentencing proceeding as well as my right to have my attorney next to me at the time of sentencing on the following conditions. I want my attorney to be able to participate in the proceeding and to be able to speak on my behalf at the proceeding.
I also want the ability to speak privately with my attorney at any time during the proceeding if I wish to do so.

Date: _____        _____
                Print Name                              Signature of Defendant

I hereby affirm that I am aware of my obligation to discuss with my client the charges against my client, my client's rights to attend and participate in the criminal proceedings encompassed by this waiver, and this waiver and consent form. I affirm that my client knowingly and voluntarily consents to the proceedings being held with my client and me both participating remotely.

Date: _____        _____
                Print Name                              Signature of Defense Counsel


**Addendum for a defendant who requires services of an interpreter:**

I used the services of an interpreter to discuss these issues with the defendant. The interpreter also translated this document, in its entirety, to the defendant before the defendant signed it. The interpreter's name is: _____.

Date: _____
                Signature of Defense Counsel


**Accepted:** _____
                Signature of Judge
                Date:

5